**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ramon ELIZONDO–GUTIERREZ,
Defendant–Appellant.**

**No. 04–41413.
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 6, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, Mark Michael Dowd, U.S. Attorney's Office, Brownsville, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM: *

Ramon Elizondo–Gutierrez (Elizondo) appeals from his guilty-plea conviction and sentence for illegal reentry. Elizondo argues that the district court reversibly erred under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines. The Government concedes that Elizondo has preserved this issue for appeal. The Government, however, has not shown beyond a reasonable doubt that the error was harmless. *See United States v. Garza,* 429 F.3d 165, 170 (5th Cir.2005); *United States v. Pineiro,* 410 F.3d 282, 285 (5th Cir.2005). Accordingly, Elizondo's sentence is vacated, and this case is remanded for resentencing.

Elizondo also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Elizondo's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Elizondo contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Elizondo properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.